UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY R. FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant | Civil Action No:<br>15-cv-05448 WHA<br><br>1st Amended Complaint<br><br>**FILED**<br>DEC 10 2015<br>SUSAN Y. SOONG<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and for his Amended Complaint against the Defendant, FACEBOOK, INC., and Plaintiff states as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and relating to the conduct of Defendant, to include all of its affiliates, subsidiaries, and/or related entities, as well as all persons and entities acting on behalf of Facebook, Inc (hereinafter, FBI). The Defendant has violated the TCPA by contacting the Plaintiff knowingly, and/or willfully on his cellular telephone via an **"automatic dialing system"** as defined by 47 U.S.C. section 227 (a)(1) without his prior express written consent within the meaning of the TCPA.

## JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

5. Defendant FACEBOOK, INC., is a domestic company with a corporate office located at 1601 Willow Road, Menlo Park, California 94025.

6. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

7. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity…(a) to store or produce

2

telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[1]

8. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

9. Defendant has sent out unlawful text messages in violation of the TCPA. By effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service

---

[1] 47 U.S.C. § 227 (b)(1)(A)(iii).

providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

10. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits automated or predictive dialers to contact cellular phones without prior express consent. Defendant FBI has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

## A BRIEF OVERVIEW OF TEXT MESSAGING

11. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

14. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

16. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

17. Text messages are "calls" within the context of the TCPA. See…Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).

## ALLEGATIONS OF FACT

18. On or about 25 November 2014, Plaintiff purchased a cell phone with a number of 678-235-1290 from a local Metro-PCS store located in Morrow, Georgia.

19. Shortly after the Plaintiffs purchase, he began to receive text messages from a SMS or short code from "32665XXX", which belongs to Defendant. Upon information and belief, Defendant FBI system qualifies as prohibited equipment used to contact Plaintiff according to the TCPA and FCC. The Telephone Consumer Protection Act of 1991 (TCPA) prohibits the use of auto-dialers and pre-recorded messaging, including SMS messages, when calling or messaging wireless devices without the express written consent of the called party.

On July 10, 2015 the FCC released its order that stated…The TCPA's requirement applies to short message service text messages (SMS) or text messages in addition to voice calls. *See.. In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 15-72, CG Docket No. 02-278, WC Docket No. 07-135 (2015) (2015 TCPA Order).* (Citing p107, FCC 2015 Order)

20. Some examples of text messages received: Jan 11th, 2015 Plaintiff received 19 messages from 32665013 that read: *"**Quala Cook commented on a photo that you're tagged in. https://fb.com/l/26EC29wswAgAiBx. Reply with your comment or "like".***  Jan, 14, 2015 Plaintiff received six (6) text messages from 32665019 that read: ***Today is Flora Ochoa's birthday. Reply to post on her Timeline or reply 1 to post "Happy Birthday!"*** On Jan 15, 2015 from 32665012 ***Sidney Ross tagged you and 38 others in a post. A friend of mine showed me this***

6

*estore that is messing up and giving a away free iphones and it worked. Check it out for y...* On Dec 16, 2014 from 32665017 @0900, 0911, 0914, 0922, 0931 *Lora Ford tagged you and 79 others in a link. Thank You Walmart.* The total amount the text messages received by Plaintiff from the Defendant amounted to over 104 similar messages.

21. On July 10, 2015 the FCC released its declaratory ruling and order reaffirming that both solicitations as well as **informational calls/texts** are considered a violation of the TCPA.   (Citing July 10 2015 FCC Order)

22. Plaintiff did not provide the Defendant a phone number and Defendant did not have the *prior express written consent* to contact Plaintiff's cellular telephone. The FCC stated on 18 June 2015, that consumers have the right to revoke consent in any reasonable way at any time. Plaintiff in this case had no way of stopping the text messages because there was no "opt-out" mechanisms that the FCC has continually stated must be included in communications with consumers.

23. Upon information and belief, the messages received by Plaintiff were automatically sent trying to get the Plaintiff to log-in to an account where he is not authorized to do so. Plaintiff does not know why he was receiving text messages. In over the 100 (one-hundred) text messages received, Plaintiff is unfamiliar with

any of the content of the messages and does not know any of the individuals listed on the messages.

## QUESTIONS OF LAW

24. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is governed by the TCPA;

b. Whether the mobile spam sent by Defendant violated the TCPA;

c. Whether Defendants conduct was knowing and/or willful;

d. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Without prior express written consent, the Defendant FBI, contacted the Plaintiff over One-hundred four (104) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

27. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3).

28. An award of all fees and costs incurred by Plaintiff.

## **PRAYER FOR RELIEF COUNT I**

a) Assessing against Defendant FBI, damages of $1,500 for each of the One-hundred four (104) violations of the TCPA found by the Court to have been committed by FBI, willfully and knowingly; if the Court finds FBI, has engaged in violations of the TCPA which are not willful and knowing, then assessing against FBI, damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against FBI, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way

Stockbridge, GA 30281

rrfrank12@hotmail.com

The undersigned hereby certifies that a copy of the foregoing was sent via mail on December 7th, 2015 to Defendant's Counsel listed below:

**KRISTIN SHEFFIELD-WHITEHEAD**

**FACEBOOK, INC**

**555 California Street**

**San Francisco, CA 94104**

**COUNSEL FOR DEFENDANT FACEBOOK**

Plaintiff, Pro-Se

*[signature]*
Ricky R. Franklin

708 Brambling Way

Stockbridge, GA 30281